UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS


CIVIL ACTION NO. 1-11-CV-10987-NMG


IN RE:

DAVID GEORGE AKILLIAN
DEBTOR

--------------------

MICHAEL HAIG AKILLIAN
APPELLANT


v.


JOSEPH BRAUNSTEIN, CHAPTER 7 TRUSTEE
OF THE ESTATE OF DAVID GEORGE AKILLIAN
APPELLEE


APPELLATE BRIEF OF MICHAEL HAIG AKILLIAN


Gary W. Cruickshank, Esq.
Counsel to Michael Haig Akillian
21 Custom House Street
Suite 920
Boston MA 02110
(617) 330-1960
(BBO107600)
gwc@cruickshank-law.com


June 21, 2011

## TABLE OF CONTENTS

STATEMENT OF THE BASIS FOR APPELLATE JURISDICTION ............. 1

STATEMENT OF ISSUES ON APPEAL ................................. 1

APPLICABLE STANDARD OF REVIEW ................................. 1

NATURE OF THE CASE, COURSE OF THE PROCEEDINGS
AND DISPOSITION IN THE COURT BELOW ........................... 2

STATEMENT OF FACTS RELEVANT TO THE ISSUES
UNDER REVIEW ................................................. 3

SUMMARY OF ARGUMENT .......................................... 5

ARGUMENT ..................................................... 5

      The Bankruptcy Court Erred as a Matter of Law
      Because Michael's Agreement With the Debtor
      Was Not Governed by the Statute of Frauds ............... 6

      The Bankruptcy Court Erred as a Matter of Law
      Because the Statute of Frauds Does Not Render
      Michael's Agreement with the Debtor Unenforceable ........ 8

      The Bankruptcy Court Erred as a Matter of Law
      Because Michael's Agreement with the Debtor
      Enforceable on the Basis of Estoppel .................... 9

      Michael's Equity Should Not Be Reduced Because
      the Debtor Placed the Mortgage on the Property
      Solely for the Benefit of the Debtor ................... 10

CONCLUSION .................................................. 13

## TABLE OF AUTHORITIES

### CASES

Barber v. Fox, 36 Mass.App.Ct. 525, 530 (1994) ............... 10

Biondo v. Powers, 743, So. 2d, 161,
(Fla.Dist.Ct.App. 1999) ................................. 12, 13

<u>Dangelo v. Farina</u>, 310, Mass. 758, 761, 39 N.E. 2d 754 (1942) .. 7

<u>Gabaig v. Gabaig</u>, 717 P. 2d 835, 840 (AK 1986) ............... 11

<u>Hickey v. Green</u>, 14 Mass.App.Ct. 671, 673 (1982) .............. 9

<u>Jeffrey v. Desmond</u>, 70 F.3d, 183, 185, (1st Cir. 1993) ......... 1

<u>In Re Latini</u>, 334 B.R. 338 (Bankr.D.Mass. 2005) ....... 11, 12, 13

<u>Lawley & Son Corp. v. Buff</u>, 230 Mass. 21, 24 (1918) ........... 9

<u>Reum v. Brazeau</u>, 1 Mass. App. Ct. 549, 303 N.E. 2d 119 (1973) .. 7

<u>Sokol v. Nathanson</u>, 317 Mass. 325 (1944) ................... 6, 7

<u>In Re S.P.M. Manufacturing Corp.</u>, 984 F.2d 1305
(1st Cir. 1993) ............................................... 2

<u>Twomey v. Crowley</u>, 137 Mass. 184, 185 (1884)) ................. 9

<u>Trowbridge v. Wetherbee</u>, 11 Allen 361, 364 (1865) ............. 7

<u>Ward v. Grant</u>, 9 Mass.App.Ct. 364 (1980) ...................... 8

## **STATUTES AND AUTHORITIES**

28 U.S.C. 158 Section(a)(1) ................................. 1

72 Am. Jur. 2d Statute of Frauds § 52 ...................... 8

M.G.L. C.184 §7 ........................................... 10

G.L. c. 259, § 1 ........................................... 6

G.L.(Ter.Ed.) c. 259, § 1, Fourth ...................... 7, 8

Rule 8001 of the Federal Rules Bankruptcy Procedure ......... 1

Massachusetts Practice, Summary of Basic Law,
Section 15.29 ............................................. 11

STATEMENT OF THE BASIS OF THE APPELLATE JURISDICTION

Jurisdiction of this Court is based upon 28 U.S.C. 158 Section(a)(1) and Rule 8001 of the Federal Rules Bankruptcy Procedure.

STATEMENT OF ISSUES ON APPEAL

1. Did the Bankruptcy Court err as a matter of law when it determined that the statute of frauds required a written agreement between David Akillian and Michael Akillian when their verbal agreement related to the disposition of proceeds and did not relate to a sale of real estate.

2. Did the Bankruptcy Court err as a matter of law when it found that because Michael Akillian had not pointed to any contributions that he made to the Debtor during the co-tenancy (emphasis added by the Court) which would entitle him to more than one-half of the proceeds when the evidence was that the mortgage to Watertown Savings Bank was solely for the benefit of the Debtor, David Akillian and therefore the Debtor was entitled to less than one-half of the sale proceeds.

APPLICABLE STANDARD OF REVIEW

Findings of fact, whether based on oral or documentary evidence, should not be set aside unless clearly erroneous. Rule 8013 of the Federal Rules of Bankruptcy Procedure.

This Court decides conclusions of law on a de novo basis see Jeffrey v. Desmond, 70 F.3d, 183, 185, (1st Cir. 1993). In Re

S.P.M. Manufacturing Corp., 984 F.2d 1305 (1st Cir. 1993).  Since the Bankruptcy Court did not hold an evidentiary hearing on this matter, the decision of the Bankruptcy Court involved conclusions of law which are subject to de novo review by this Court.

NATURE OF CASE, COURSE OF THE PROCEEDINGS
AND DISPOSITION OF CASE BELOW

1. On July 30, 2009, the Debtor filed a voluntary petition under Chapter 7 of the United States Bankruptcy Code in this Court (hereinafter the "Filing Date").

2. On December 16, 2009, the Trustee filed a Complaint against Michael Akillian (hereinafter the "Complaint").

3. On January 18, 2010, Michael Akillian (hereinafter "Michael") filed a timely answer to this Complaint.

4. A Motion for Summary Judgment was filed by the Trustee on or about August 15, 2010 and pursuant to an Order of this Court, responses thereto were due on October 13, 2010.

5. A timely response to the Motion was filed.

6. The Bankruptcy Court held a hearing on the Motion on February 15, 2011 and requested supplemental memoranda of law.

7. The Plaintiff and Michael each submitted timely supplemental memoranda of law.

8. On April 13, 2011, the Bankruptcy Court issued a Memorandum of Decision granting Summary Judgment to the Trustee against Michael in the amount of $71,142.45.

9.  Michael filed a timely Notice of Appeal in this Court.

STATEMENT OF FACTS RELEVANT TO THE ISSUES UNDER REVIEW

1. David Akillian (hereinafter "the Debtor") filed a voluntary petition under Chapter 7 of the United States Bankruptcy Code for the District of Massachusetts on July 30, 2009.

2. The Debtor, and his brother Michael, were beneficiaries of a nominee realty trust known as Celia and Red Realty Trust (the "Trust").  The Trust was established by Celia and George Akillian, the parents of the Debtor and Michael. The Trust owned the real estate at 1-3 Howe Street, Watertown, Massachusetts (hereinafter the "Property").

3. George Akillian died on August 28, 1991 leaving Celia Akillian (hereinafter "Mrs. Akillian") as the sole trustee of the Trust.  Mrs. Akillian died on March 4, 2006. Pursuant to the terms of the Trust, it terminated on her death on March 4, 2006.

4. Subsequent to Mrs. Akillian's death, the Debtor and Michael filed a complaint in the Land Court for the issuance of a new certificate of title which occurred on July 24, 2008 when the Land Court cancelled the certificate of title in the name of the Trust and ordered the entry of a new certificate of title with the Property in the names of the Debtor and Michael.

5. On August 1, 2008, the Debtor and Michael sold the Property for the $505,500.00.

6. The net proceeds from the sale of the Property, following payment of a mortgage to the Watertown Savings Bank (the "Bank") in the sum of $142,186.39 and other closing costs, totaled $330,996.43 (the "Net Sale Proceeds"). Michael received $236,640.67 from the Net Sale Proceeds while the Debtor received $94,355.76 from the Net Sale Proceeds.

7. Michael received a share from the Net Sale Proceeds that was $71,142.45 more than the share that the Debtor received from the Net Sale Proceeds.

8. Prior to her passing, the Debtor lived with Mrs. Akillian at the Property.

9. In 2001, Mrs. Akillian, the Debtor's Mother, obtained a mortgage from the Bank in the amount of $80,000.00 secured by the Property. Those proceeds were in the form of a bank check which was payable to the Debtor.

10. In 2004, Mrs. Akillian refinanced the 2001 mortgage and obtained a mortgage in the amount of $150,000.00 of which approximately $80,000.00 was used to satisfy the 2001 mortgage. The Debtor stated that he received the net proceeds of the 2004 refinancing which he used for various purposes.

11. There was an oral agreement between Mrs. Akillian, the Debtor and Michael as follows: "we also agreed that when

4

the time came to sell the house, that he [the debtor] would already have withdrawn that amount of money so whatever it was it would come from his share of the sale of the house."

## SUMMARY OF ARGUMENT

The Bankruptcy Court erred as a matter of law when it granted the Plaintiff's Motion for Summary Judgment.  The agreement between Michael and the Debtor was not unenforceable because the agreement was not governed by the statute of frauds. Further, even if the agreement was governed by the statute of frauds, the lack of a written agreement would not render the agreement legally void, resulting in the transfer being a gift.  Additionally, even if the statute of frauds applied, summary judgment was premature because the agreement could have still been enforceable by estoppel.  The Court also erred in finding that Michael was not entitled to contribution on account of a mortgage taken out on the property solely for the debtor's benefit.

## ARGUMENT

The Bankruptcy Court granted summary judgment for the Trustee because it found that the $71,142.45 transfer from the debtor to his brother to be a gift.  The court held that the gift was an avoidable constructively fraudulent transfer. The Bankruptcy Court's decision was based on the premise that the debtor was not legally obligated to compensate Michael for his use of the mortgage proceeds because there was no written agreement.  The

decision rests on a misunderstanding of the agreement and the operation of the statute of frauds.

**The Bankruptcy Court Erred as a Matter of Law Because Michael's Agreement with the Debtor Was Not Governed by the Statute of Frauds.**

The court found that a written agreement was required in three types of agreements that would have made the transfer a valid exchange rather than a gift. The court's finding is irrelevant because Michael's agreement with the Debtor does not fall into any of the three types of agreements. The three types of agreements were: 1) an agreement to change the trust; 2) an agreement related to the sale of lands, tenements or hereditaments; 3) an agreement by the debtor to disclaim a portion of his interest in the property due to him.

Michael did not argue that they agreed to change the Trust or that the Debtor agreed to disclaim a portion of his interest. Accordingly, the only relevant legal issue is whether the agreement between Michael and the Debtor constituted a "sale of lands, tenements or hereditaments." G.L. c. 259, § 1. In Massachusetts, a promise to pay a mortgage is not within the statute of frauds. Sokol v. Nathanson, 317 Mass. 325 (1944).

In Sokol, the Supreme Judicial Court addressed an agreement substantially similar to the one at issue. 317 Mass. 325 (1944). In Sokol, the defendant promised to pay a mortgage note taken out by the plaintiff for the benefit of the defendant. Id. 326. The Court held that the plaintiff was entitled to payment "in view of

6

the express promise to pay the note." Id. at 327.  The Court

further explained that the promise was not governed by the statute

of frauds, holding that the: "promise plainly was not an oral

contract for the sale of an interest in lands, within

G.L.(Ter.Ed.) c. 259, § 1, Fourth. Neither was it a 'promise to

answer for the debt * * * of another." Id.

The agreement in this case involves the division of proceeds

rather than the sale of an interest in real estate.  Therefore,

there is no requirement that the agreement be in writing.  The

Massachusetts Appeals Court explained as follows:

> "The respondent's contention that the agreement to
> divide the proceeds of the sale of the house was
> unenforceable as it was not in writing as required by
> General Law Chapter 259 Section 1 is without merit.
> This was not a contract "for the sale of lands,
> tenements or hereditaments or any interest in or
> concerning them ..."  This agreement concerned merely
> personality, that is the proceeds of any prospective
> sale of the property.  Citing Trowbridge v. Wetherbee,
> 11 Allen 361, 364 (1865) and Dangelo v. Farina, 310,
> Mass. 758, 761, 39 N.E. 2d 754 (1942).  Now that the
> land has been sold, it remains only for the respondent
> to account for the petitioners share.

Reum v. Brazeau, 1 Mass. App. Ct. 549, 303 N.E. 2d 119 (1973).

In the instant case, the mortgage note was taken out by the

Debtor's mother for his benefit.  The Debtor promised to pay the

mortgage note taken out on his behalf.  The fact that the note

encumbered property does not make the promise to pay the note a

sale in the interest of lands.  As the Debtor's agreement with

Michael did not require a written agreement, the promise was valid

and enforceable.

The Bankruptcy Court erred because it conflated the application of the statute of frauds to a mortgage with the application of the statute of frauds to an agreement regarding the payment of a mortgage. "The term 'interest' in land, as used in the statute of frauds, means some portion of the title or right of possession, and does not include agreements which may affect land but which do not contemplate the transfer of any title, ownership, or possession." 72 Am. Jur. 2d Statute of Frauds § 52. The mortgage itself was the conveyance of an interest in the land. The Debtor's promise to pay the mortgage out of his share of the proceeds does not have any effect on the title, ownership or possession of the land in question.

**The Bankruptcy Court Erred as a Matter of Law Because the Statute of Frauds Does Not Render Michael's Agreement with the Debtor Unenforceable**

Even if the statute of frauds did apply to the Debtor's agreement in this case, it still would not support the Bankruptcy Court's finding of an avoidable constructively fraudulent transfer. In Ward v. Grant, the Appeals Court explained that a third party cannot defeat an oral agreement on the basis of the statute of frauds. 9 Mass.App.Ct. 364 (1980). In Ward, the defendant had created an express oral trust concerning realty that could not be defeated because it violated the statute of frauds. Id. at 368. The Appeals Court explained that "Ward cannot defeat the existence of the trust on the basis of the Statute of Frauds, G.L. c. 259, s 1, Fourth, because that statute only precludes

judicial enforcement of the oral trust; it does not render it void as between the parties to the trust who desire to abide by the terms of their oral agreement." Id. (citing Twomey v. Crowley, 137 Mass. 184, 185 (1884)).

In this case, the Debtor's promise to Michael was not illegal and void, and therefore the Bankruptcy Court was incorrect in finding the transfer of $71,142.45 to be a gift. The case law indicates that when the parties wish to be bound by an oral agreement, the absence of a written contract does not make following that agreement a fraudulent conveyance. The purpose of the statute of frauds is merely to require written evidence of the obligation signed by the party to be charged. See Lawley & Son Corp. v. Buff, 230 Mass. 21, 24 (1918). In this case, the party to be charged, the Debtor, does not dispute the obligation.

**The Bankruptcy Court Erred as a Matter of Law Because Michael's Agreement With the Debtor Was Enforceable on the Basis of Estoppel**

The Bankruptcy Court should not have held at the summary judgment stage that the agreement was unenforceable because the agreement could have been found valid on the basis of estoppel. A contract which fails to meet the requirements of the Statute of Frauds is enforceable if the party seeking enforcement acted in reasonable reliance on the contract. Hickey v. Green, 14 Mass.App.Ct. 671, 673 (1982). At the summary judgment stage, the court should have presumed that Michael was acting in reasonable reliance on the oral agreement that the Debtor would pay the

mortgage out of his share of the proceeds. The Appeals Court has specifically addressed the statute of frauds as it relates to an interest of land, explaining that:

> A contract for the transfer of an interest in land may be specifically enforced notwithstanding failure to comply with the Statute of Frauds if it is established that the party seeking enforcement, in reasonable reliance on the contract and on the continuing assent of the party against whom enforcement is sought, has so changed his position that injustice can be avoided only by specific enforcement.

Barber v. Fox, 36 Mass.App.Ct. 525, 530 (1994). Michael changed his position based on his reasonable reliance that the Debtor would honor his promise when he took title to the property as tenants in common with the debtor. As explained by the Bankruptcy Court, Michael could have entered into a written agreement altering their rights as tenants in commons. Michael will lose $71,142.45 of his inheritance under the Bankruptcy Court's decision, an injustice that can only be avoided by specific enforcement of the Debtor's promise.

**Michael's Equity should not be reduced because the Debtor placed the mortgage on the Property solely for the benefit of the Debtor.**

M.G.L. C.184 §7 provides the following:

> "a conveyance or devise of land to two or more persons or to husband and wife, except a mortgage or devise or conveyance in trust shall create an estate in common and not in joint tenancy, unless it is expressed in such conveyance or devise that the grantees or devisees shall take jointly ..."

The Order of the Land Court dated July 24, 2008 authorized the issuance of a new certificate for the Property to David George

Akillian and Michael Haig Akillian without indicating that they were taking this deed as joint tenants. Therefore, as found by the Bankruptcy Court, Michael and the Debtor took this property as tenants in common.

The interest of a tenant in common is alienable, and may be transferred without the consent of the co-tenants by deed, lease, mortgage, will or intestate succession. Massachusetts Practice, Summary of Basic Law, Section 15.29 citing Gabaig v. Gabaig, 717 P. 2d 835, 840 (AK 1986). The general rule is that a tenant in common has the right to voluntarily convey that interest.

In the case of In Re Latini, 334 B.R. 338 (Bankr.D.Mass. 2005), the Bankruptcy Court conducted a detailed analysis of tenancy in common. While the Latini case was both factually and procedurally different than this case, the discussion relative to tenants in common is applicable. In Latini, the Debtor, James Latini and an individual named Mark Voner purchased a condominium in Florida. Mr. Voner and the debtor (Latini) agreed[1] to share equally the expenses pertaining to the maintenance and operation of the property, which was rented to various third parties. The allegations were that the debtor failed to contribute his share of the expenses for the maintenance and operation of the property and

---

[1] There is no indication in the decision that this agreement was in writing.

that Mark Voner advanced monies for the maintenance of the property for which the debtor failed to reimburse him.

The property was sold on March 26, 2004 which was also the date that Mr. Latini and his wife filed Chapter 13 bankruptcy. The court found that under Florida law, Mr. Voner and the Debtor owned the condominium as tenants in common. The court further went on to say that each (Mr. Voner and Mr. Latini) were entitled to an equal share of the proceeds of the sale.

In Latini, the Bankruptcy Court quoted the following language from Biondo v. Powers, 743, So. 2d, 161, (Fla.Dist.Ct.App. 1999).

> "As a general rule, co-tenants have a mutual obligation to pay charges upon the co-owned property. Thus, they are each ultimately liable for his/her proportionate share of the obligation or expenses of the property , consisting of mortgage payments, insurance, taxes and necessary repairs. The equity of one of the parties should not be increased by expenditures made by another. Thus, upon partition, a co-tenant paying obligations of the property is entitled to a credit from the proceeds of the sale for the other co-tenants proportionate share of those expenses."

In Re Latini, supra p. 342.

The Bankruptcy Court concluded the following:

> "Based upon the principals articulated by the Florida court, Mark Voner and the Debtor are each entitled to 50% of the proceeds from the sale of the property and (emphasis added) Mark Voner has a right of contribution for any excess share of the expenses ..."

In this case, the Debtor and Michael Akillian were each entitled to 50% of the Net Sale Proceeds of the sale of the Property. The Debtor, for whose sole benefit the mortgage to the

Bank was taken, was required to pay from his share of the proceeds the mortgage to the Bank. As the Florida Court indicated in Biondo, supra, the equity of one party should not be increased by the expenditures made of another. Conversely, the equity of Michael should not be reduced because the Debtor placed the mortgage on the Property solely for the benefit of the Debtor.

Under Latini, a 50/50 split of the proceeds is presumed as a matter of law. As a matter of law, appropriate credits or debits, depending upon the facts in the individual case, are to be considered in determining the ultimate disposition of the sale proceeds. Mark Voner's entitlement to a greater share of the proceeds was established as a matter of law because he paid more than his share of the expenses. The same analysis is applicable in this case. Since the Debtor used the proceeds of the mortgage solely for his benefit, the Debtor's share of the sale proceeds should be the source of the mortgage repayment. Based upon the foregoing, tenants in common can agree to other than a 50/50 split of the proceeds of a sale.

CONCLUSION

The statute of frauds is inapplicable to this case. The decision of the Bankruptcy Court should be reversed. This matter should be remanded to the Bankruptcy Court for an evidentiary hearing.

Michael H. Akillian
By his Counsel,


Dated: June 21, 2011                    /s/Gary W. Cruickshank, Esq.
                                        21 Custom House Street
                                        Suite 920
                                        Boston, MA 02110
                                        (617) 330-1960
                                        (BBO107600)
                                        gwc@cruickshank-law.com



CERTIFICATE OF SERVICE


        I, Gary W. Cruickshank, hereby certify that a copy of the
Appellate Brief has been served, electronically, upon Steffani
Jill Boudreau, Esq., Riemer & Braunstein, Counsel to the
Plaintiff, Three Center Plaza, Boston, Massachusetts 02114.



Dated: June 21, 2011            /s/Gary W. Cruickshank, Esq.

14