UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 1-11-CV-10987-NMG

IN RE:

DAVID GEORGE AKILLIAN
DEBTOR

---

MICHAEL HAIG AKILLIAN
APPELLANT

v.

JOSEPH BRAUNSTEIN, CHAPTER 7 TRUSTEE
OF THE ESTATE OF DAVID GEORGE AKILLIAN
APPELLEE

REPLY BRIEF OF MICHAEL HAIG AKILLIAN

Gary W. Cruickshank, Esq.
Counsel to Michael Haig Akillian
21 Custom House Street
Suite 920
Boston MA 02110
(617) 330-1960
(BBO107600)
gwc@cruickshank-law.com

August 2, 2011

## TABLE OF CONTENTS

INTRODUCTION ............................................................................................................. 1

FACTUAL ISSUES ......................................................................................................... 1

ARGUMENT ................................................................................................................... 2

PREFERNTIAL TRANSFER ......................................................................................... 5

MISCELLANEOUS ........................................................................................................ 5

CONCLUSION ................................................................................................................ 6

## TABLE OF AUTHORITIES

### CASES

Acosta-Orozco v. Rodriguez-de-Rivera, 132 F.3d 97, 98
(1st Cir.1997) ................................................................................................................... 2

Chace v. Gardner, 228 Mass. 533, 535-536 (1917) ........................................................ 4

Dangelo v. Farina, 310 Mass. 758, 761 (1942) ............................................................... 4

In Re Latini, 334 B.R. 338 (Bankr.D.Mass. 2005) .......................................................... 5

Reum v. Brazeau, 1 Mass. App. Ct. 549 (1973) .......................................................... 3, 4

Rosenberg v. Drooker, 229 Mass. 205, 207 (1918) ........................................................ 4

Sokol v. Nathanson, 317 Mass. 325 (1944) ................................................................. 2, 3

Trowbridge v. Wetherbee, 11 Allen 361, 364 (1865) ..................................................... 4

### STATUTES AND AUTHORITIES

G.L.(Ter.Ed.) c.259, § 1, Second, Fourth
317 Mass. At 326-327 ..................................................................................................... 4

Rule 8002(a) of the Federal Rules Bankruptcy Procedure ............................................. 5

## INTRODUCTION

Pursuant to an Order of this Court which set the deadline for filing this Reply Brief to August 2, 2011, the Appellant, Michael H. Akillian (hereinafter "Michael") submits the following Reply Brief. The Trustee has filed his Appellee's Brief on July 19, 2011.

The fundamental claim to be addressed by this Brief is whether or not the agreement between Michael, his brother David and his late mother Celia relative to the distribution of the proceeds of the sale of real estate needed to be in writing or, as indicated below, is not subject to the statute of frauds.

The Bankruptcy Court incorrectly determined that the statute of frauds was applicable. Michael asserts, based upon the discussion in his prior Brief and below, that the statute of frauds was inapplicable, that the oral agreement controls and therefore Michael should not be required to pay to the Trustee the sum of $71,142.45.

## FACTUAL ISSUES

The Trustee questions the accuracy of factual statements contained in Michael's brief. Initially, the Trustee suggests that Michael incorrectly referred to the Trust as a Nominee Trust. However, the Trustee's counsel and the Bankruptcy Court previously accepted that the Trust was a Nominee Trust. During the hearing, the Trustee's counsel had this exchange with the Court:

> THE COURT: Was this a nominee realty trust?
> MS. BOUDREAU: Yes, Your Honor.

Transcript of Hearing on Plaintiff's Motion for Summary Judgment, p. 5. The Bankruptcy Court also referred to the Trust as a Nominee Trust, stating: "The Debtor and Michael are brothers and were the beneficiaries of a nominee realty trust known as the Celia and Red Realty Trust." Court Order, 2. The Trustee states that the "Michael refers to the Trust as a Nominee Trust, which it is not. Rather, the Trust is a revocable trust." Trustee's Appellate Brief, p. 7. However, a Nominee

1

Trust is a specific type of revocable trust. The Trustee's distinction is contradicted by the record and is irrelevant to the case. This position is contrary to applicable estate planning principles on which this case must be decided.

The Trustee also states that Michael mischaracterizes the Bankruptcy Court's findings. Michael never characterized the oral agreement as the Court's finding, rather he included it in the statement of facts relevant to the issues under review. The oral agreement is clearly relevant and in reviewing a summary judgment motion, the Court views all disputed facts and reasonable inferences favorably to Michael, the nonmoving party. See Acosta-Orozco v. Rodriguez-de-Rivera, 132 F.3d 97, 98 (1st Cir.1997).

## ARGUMENT

The Trustee has attempted to obfuscate the issues on appeal by asserting that Michael is changing arguments or advancing contradictory arguments. Neither accusation is true. The Bankruptcy Court accurately described Michael's position, stating that:

> Michael maintains that, because he received no benefit from the mortgages placed on the Property, the proceeds from the sale of the Property were properly adjusted at the Closing to reflect the benefit received by the Debtor in advance of the death of Celia Akillian and the termination of the Trust. He adds that he received no "transfer" of property of the Debtor and that he is not a creditor of the Debtor.

Court Order, p. 6. The Bankruptcy Court rejected Michael's position solely because the agreement was not in writing. As explained in Michael's appellate brief, the Bankruptcy Court erred because in Massachusetts, "a promise to pay a mortgage is not within the statute of frauds." Sokol v. Nathanson, 317 Mass. 325 (1944).

The Trustee incorrectly asserts that Michael raised his "division of proceeds" argument for the first time on appeal. Trustee's Appellate Brief, p.16. Michael's March 11, 2011 Memorandum of Law in Opposition to Plaintiff's Motion for Summary Judgment argued that:

2

"Since the issue in this case involves the division of proceeds rather than the sale of real estate, there is no requirement in the statute of frauds that any such agreement for division of proceeds be in writing." Michael's Opposition to Plaintiff's Motion for Summary Judgment, p. 7. As Michael raised his "division of proceeds" argument before the Bankruptcy Court, it is appropriately argued on appeal.

The Trustee next mischaracterizes the oral agreement Michael seeks to enforce, stating that it is "the agreement to sell the Property and divide up the proceeds between the brothers in accordance with the terms of the Trust." Trustee's Appellate Brief, p. 7. The Trustee further asserts that the agreement "Michael seeks to enforce was the agreement between the mother and his brother concerning the sale of land." Id., p. 18. Michael's oral agreement was between himself, his mother, and his brother. All three agreed "that when the time came to sell the house, that he [the debtor] would already have withdrawn that amount of money so whatever it was it would come from his share of the sale of the house." Court Order, p. 5.

The Bankruptcy Court itself stated that there was an oral agreement between all three, stating that: "The oral agreement **among Celia Akillian, the Debtor and Michael with respect to the distribution of proceeds** from the sale of the Property was not reduced to a writing." Id. at 6 (emphasis added). The oral agreement in this case consisted of the Debtor promising to pay the mortgage taken out by the Trust from his distribution of the proceeds. This is exactly the type of oral agreement that was upheld in Sokol v. Nathanson, 317 Mass. 325 (1944) and Reum v. Brazeau, 1 Mass. App. Ct. 549 (1973).

The Trustee's attempts to distinguish Sokol and Reum are unavailing and misconstrued the holding of the cases. In Sokol, the Court held that a promise by beneficiary of oral trust in realty, legal title to which was in plaintiff, to pay mortgage note executed by plaintiffs at request

3

of such beneficial owner was not invalid as an "oral contract for sale of interest in lands" or as a "promise to answer for the debt of another" within statute of frauds. G.L.(Ter.Ed.) c. 259, § 1, Second, Fourth. 317 Mass. at 326-27. In this case, the Debtor made the same promise. The Debtor promised he would pay the mortgage note, executed by the trustee, Celia Akillian, at his request.

The Trustee's only attempt to differentiate Reum is to assert that "the record is unequivocal that the oral agreement Michael seeks to enforce was the agreement between the mother and his brother concerning the sale of land." Trustee's Appellate Brief, 18. As explained above, and as held by the Bankruptcy Court, the agreement was with respect to the distribution of proceeds. The Massachusetts Appeals Court in Reum explained that "This agreement concerned merely personalty, that is, the proceeds of any prospective sale of the property." 1 Mass. App. Ct. at 553. (citing Trowbridge v. Wetherbee, 11 Allen 361, 364 (1865). Chace v. Gardner, 228 Mass. 533, 535-536 (1917). Rosenberg v. Drooker, 229 Mass. 205, 207 (1918). Dangelo v. Farina, 310 Mass. 758, 761 (1942).

The bulk of the Trustee's Appellate brief attempts to characterize the agreement as something it is not. The Trustee asserts that the agreement was 1) an agreement to alter their rights as Tenants in Common; 2) an agreement to modify the Trust; and 3) an agreement pertaining to hereditaments. As explained above, the agreement between Michael, the debtor and their mother was a promise to pay a mortgage out of a division of proceeds. Massachusetts law is clear that this type of agreement is not governed by the statute of frauds. Accordingly, the Bankruptcy Court's grant of summary judgment must be reversed.

## PREFERENTIAL TRANSFER

In the decision of the Bankruptcy Court, the Court denied the request for summary judgment on Count II wherein the Trustee alleged that Michael had received a preferential transfer.

The Trustee did not file an appeal, as authorized by FRBP 8002(a), relative to the denial of summary judgment on Count 2. On pages 18 and 19 of his brief, the Trustee argues that he has established a prima facia case that the transfer was avoidable as a preference. Since there was no appeal filed on this issue, this discussion is not appropriate nor is this issue before the Court.

The Bankruptcy Court on page 15 of its Order dated April 13, 2011 specifically found that Michael was not a creditor and this finding was not subject to appeal.

The Trustee's statement in the Brief that he would also be entitled to $30,000.00 even if this Court concluded that an oral agreement was enforceable also is not an appropriate argument for this appeal since the Trustee did not file an appeal on this issue.

## MISCELLANEOUS

For the reasons set forth in the Appellant's brief, pages 11-13, the case of In Re Latini, 334 B.R. 338 (Bankr.D.Mass. 2005) is applicable relative to the discussion of tenancy in common. Contrary to the position of the Trustee and the Court, the reliance by Michael on the Latini case is not misplaced.

In the Trustee's Statement of Facts section of his brief, the Trustee claims that paragraph 14 and 16 contained on page 16 of his brief are factual statements. These are not facts but conclusions of law to be addressed by this Court.

## CONCLUSION

The Order of the Bankruptcy Court should be reversed and the adversary proceeding should be remanded for trial.

                                      Michael H. Akillian
                                      By his Counsel,

Dated: August 2, 2011                        /s/Gary W. Cruickshank, Esq.
                                      21 Custom House Street
                                      Suite 920
                                      Boston, MA 02110
                                      (617) 330-1960
                                      (BBO107600)
                                      gwc@cruickshank-law.com

## CERTIFICATE OF SERVICE

I, Gary W. Cruickshank, hereby certify that a copy of the Reply Brief has been served, electronically, upon Steffani Jill Boudreau, Esq., Riemer & Braunstein, Counsel to the Plaintiff, Three Center Plaza, Boston, Massachusetts 02114.

Dated: August 2, 2011                                    /s/Gary W. Cruickshank, Esq.